JAMES F. KENDALL *vs.* GEORGE E. KENDALL.

Worcester.    October 1, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Collision between Foot Traveller and Sleigh — Due Care.*

At the trial of an action for personal injuries sustained by the plaintiff in colliding with a horse and sleigh, there was evidence that there was about a foot of snow on the ground; that a way for teams had been broken out, the plough leaving outside of the beaten track a path about eight inches wide; that, as he was walking on the extreme right of this path, the horse and sleigh came along from the opposite direction at great speed, and, as the driver did not turn out, the shafts of the sleigh, which projected sidewise, struck and injured the plaintiff. On cross-examination, he would not admit that he kept in the path in the assertion of a supposed right to do so, and knowing that the sleigh had such shafts, but testified that, although the driver and himself were not on good terms, he did "just the same as I should with anybody else." *Held*, that the question of due care on his part was properly submitted to the jury.

TORT for personal injuries sustained by the plaintiff while travelling on foot in the highway, in a collision with a horse and sleigh, driven by the defendant. Trial in the Superior Court, before *Barker*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, the material part of which appears in the opinion.

*J. W. Corcoran & H. Parker*, for the defendant.

*A. Norcross & H. C. Hartwell*, ( *C. F. Baker* with them,) for the plaintiff.

MORTON, C. J. The question whether the plaintiff was in the exercise of due care at the time of his injury was properly submitted to the jury, and whether it was properly so submitted is the only question raised by this bill of exceptions. It appeared from the evidence, that at the time of the accident there was about a foot of snow upon the ground; that a way for teams had been broken out in the road, there being two tracks or ruts where the horses travelled and the runners of sleighs went, and also another track about eight inches wide, outside of the beaten track, made by the plough in breaking out the road; that the plaintiff was travelling on foot on the extreme right of the beaten way in the last-named track; that the defendant was coming from the opposite direction and driving in a sleigh at great speed; that he did not turn out, and the projecting shafts of his sleigh struck the plaintiff.

The mere fact that the plaintiff did not step out of the track into the snow, is not conclusive evidence of negligence. It was for the jury to say whether he might reasonably expect that the defendant would slacken his speed and turn to the right, so that they might pass each other in safety. The defendant cross-examined the plaintiff at length, in the attempt to show that he stubbornly and recklessly kept in the travelled path, in the assertion of a supposed right to do this, knowing that the defendant had a sleigh with projecting shafts, and thus voluntarily brought the injury upon himself. But it cannot be held, as matter of law, that the evidence proves this. The plaintiff did not admit it, but testified that, although he and the defendant were not on good terms, he did "just the same as I should with anybody else." It was for the jury, who saw the witnesses, and who alone have the right to judge of their credibility, to say, upon all the evidence, whether the plaintiff was in the exercise of such care as a reasonably prudent and cautious man would exercise under the same circumstances. It was a question of fact, and not of law.

*Exceptions overruled.*